The opinion of the Court was delivered by
Dunkin, Ch.
No appeal has been taken on behalf of the absent debtor, J. M. Burke. On the contrary, his solicitor insists on the benefit of the decree. The appeal is in behalf of the other defendant, Thomas Trout. Against him Burke had obtained a judgment in the Court of Common Pleas, and the execution to enforce the same is in the hands of the sheriff.
It was said by Lord Eldon, 16 Ves. 327, that “the Court must be always open to questions upon the carriage of the cause.” And this remark was in reference to the subject of protecting the rights of creditors not specially included in the pleadings, and as to the mode of doing so. See Story’s Eq. PI. § 903, note 2. In the decretal order, the plaintiffs were directed to amend the title of the bill, so as to make it in behalf of all the other creditors, &c.
*206 In the recent case of Nelson, Carter & Co. vs. Felder (a), the Court had occasion to consider this whole subject, and it was then thought, that enough would be done by giving an opportunity to other creditors to present and establish their demands before the proper officer of the Court, although no direct opinion or judgment to that effect was expressed, or demanded by the case.
It is there stated that, of course, all questions as between the tors must be deferred until the hearing of the report upon their respective claims.
So much of the decretal order as directs an amendment of the title of the bill is, therefore, rescinded. If the defendant, Thomas Trout, has, by assignment or otherwise, any claim on the fund ordered to be paid into Court, he will be at liberty to establish his rights under the decretal order, and they will be adjudicated at the hearing of the Master’s report.
It is ordered and decreed that the decree of the Circuit Court as modified, be affirmed, and that the appeal be dismissed.
Johnston and Wardlaw, CC., concurred.

Decree modified.

 Ante.